UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY LEE JENT,

    Plaintiff,

    v.

RON NEAL,

    Defendant.

CAUSE NO. 3:25-CV-22-PPS-JEM

OPINION AND ORDER

Randy Lee Jent, a prisoner without a lawyer, filed a complaint which I must screen under 28 U.S.C. § 1915A. The complaint should be dismissed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Jent alleges he was transferred from the Reception Diagnostic Center to the Indiana State Prison (ISP) on November 22, 2024. When he arrived at ISP, the "brown 'schneiders' pretzel box containing more than 400 pages of [his] legal records" was placed outside of the transport van. ECF 2 at 2. He believes the box is currently in the

ISP property room. Jent has "spoken to a captain, a lieutenant, sergeants and officers including Unit Manager Snider, Sergeant Stacey, Sergeant Wood(s), Case Manager McCormick, and Assistant Warden Buss" about his property. *Id*. (spelling of staff titles corrected). All of those individuals are allegedly "sending emails to the Major and/or the Property Sergeant," but to date he hasn't received his box back. *Id*.

Jent claims the box contains "necessary information and forms" that he needs to send to the Indiana Supreme Court Disciplinary Commission and to "complete the complaints or claims against Johnson County Jail, prosecutors, and the Marion County Jail." *Id*. at 3. He claims he has 270 days to do so, but he doesn't explain when the time limitation started or will end. He claims the state also "utilized the Johnson County Jail to oppress [him] during [his] trial" in cause number 41D02-2408-F2-000029 by locking him in segregation and blocking his phone privileges and "all incoming mail from family which contained necessary information for my defense" which produced a "wrongful conviction." *Id*. He claims he needs the "records" to "further investigate any potential claims surrounding the state's actions against [him]." *Id*. Jent has sued the Warden for injunctive relief in the form of returning his box of records and ordering the department "not to further impair [his] ability to access the courts" or interfere with his access to the law library. *Id*. at 4.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). Denial of access to the courts must be

intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original).

Here, Jent hasn't plausibly alleged the conduct of any of the ISP staff members has or will prejudice a potentially meritorious legal claim.[1] He vaguely refers to state disciplinary actions and both state and federal civil lawsuits that he may wish to file, but he doesn't describe any of those legal actions in a way that would enable me to determine whether they are potentially meritorious. He also doesn't explain what

---

[1] I note that Jent has sued the Warden only for prospective injunctive relief. Even if he had requested monetary damages, he has not stated such a claim against the Warden. *See Lee v. Carr*, No. 21-1309, 2022 WL 519890, at *1 (7th Cir. Feb. 22, 2022) ("government officials are liable only for their own misconduct" and § 1983 doesn't "allow for [their] liability based on what [the] staff did or failed to do") (citing *Taylor v. Ways*, 999 F.3d 478, 493–94 (7th Cir. 2021)).

3

documents from the missing box he needs to initiate these actions, why they are necessary for filing suit, or if such documents can be obtained another way (i.e., by re-printing the relevant forms at the prison law library). More importantly, Jent doesn't allege he was or is being prevented from actually filing a disciplinary or civil claim. In a similar case, the Seventh Circuit noted:

> Speculative prejudice is not enough for an 'actual injury.' *See Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (plaintiff was not denied access to courts despite failure of police to investigate his case where he knew all relevant facts and could have filed complaint). To establish an access-to-the-courts violation, Hertel must show that he was kept from filing a complaint or that he actually lost a case because of the defendants' intentional actions. *See id.*; *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (Easterbrook, J., concurring). And since Hertel did not point to anything that hindered his efforts to pursue a legal-malpractice claim against Skodinski—at *any* point after he learned of the underlying facts for such a claim—he could not have suffered any such injury at the hands of the defendants.

*Hertel v. Miller-Lewis*, 695 F. App'x 957, 961 (7th Cir. 2017) (emphasis in original).

In this case, it's clear that Jent is able to communicate with the court(s), as he filed this lawsuit. Moreover, although "a prisoner's simple ability to file a complaint is not dispositive," Jent doesn't plausibly allege that the specific materials in the missing box have thwarted his ability to litigate any sort of meritorious claim. *Marshall*, 445 F.3d at 969; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)).

4

To the extent Jent is referencing some sort of criminal post-conviction relief, the same analysis applies. I've reviewed the state court docket with regard to the cause number he mentions. Jent was tried by a jury of his peers and was found guilty of three counts of dealing methamphetamine on October 29, 2024. *See State of Ind. v. Jent*, cause no. 41D02-2408-F2-000029 (Johnson Sup. Ct. 2 filed Aug. 9, 2024, available at https://public.courts.in.gov/mycase (last visited Jan. 13, 2025). He pled guilty to a habitual offender enhancement. *See id*. On November 21, 2024, Jent was sentenced to twenty-five years in prison on two of the dealing counts (the third was vacated) and to eight years for the enhancement. *See id*. Following sentencing, Jent was appointed counsel for the purpose of appealing, and the docket indicates an appeal was initiated in November and amended in December of 2024. *See id*. The appellate case is currently in its infancy and remains pending as of the date of this order. *See Jent v. State of Ind.*, cause no. 24A-CR-02819 (Ind. Ct. App. filed Nov. 12, 2024), available at https://public.courts.in.gov/mycase (last visited Jan. 13, 2025).

Jent's speculation that he may suffer some unspecified, future harm related to his appeal or post-conviction proceedings if he doesn't receive his box back is insufficient to state a claim. *See e.g., Marshall*, 445 F.3d at 969–70 (plaintiff's speculative claim regarding future harm during his post-conviction proceedings was not sufficient "since the absence of an actual or imminent injury—as opposed to a merely speculative future one—would deprive federal courts of jurisdiction under Article III, which empowers the federal judiciary to decide 'cases' or 'controversies'") (citations omitted)); *see also Swanson*, 614 F.3d at 403.

This complaint doesn't state a claim for which relief can be granted. If Jent believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Accordingly:

(1) Randy Lee Jent is GRANTED until **February 18, 2025**, to file an amended complaint in accordance with this order; and

(2) Randy Lee Jent is CAUTIONED that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED.

ENTERED:  January 14, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT