UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY LEE JENT,

        Plaintiff,

            v.                            CAUSE NO. 3:25-CV-22-PPS-JEM

RON NEAL,

        Defendant.

OPINION AND ORDER

Randy Lee Jent, a prisoner without a lawyer, filed an amended complaint (ECF 14) after I determined his original complaint failed to state any claims. Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his original complaint, Jent alleged a "brown 'schneiders' pretzel box containing more than 400 pages of [his] legal records" was misplaced during his transfer from the Reception Diagnostic Center to the Indiana State Prison (ISP) on

November 22, 2024. ECF 2 at 2. He claimed the box contained "necessary information and forms" that he needed to send to the Indiana Supreme Court Disciplinary Commission and to "complete the complaints or claims against Johnson County Jail, prosecutors, and the Marion County Jail." *Id*. at 3. He alleged he had 270 days to do so, but he didn't explain when the time limitation started or would end. He claimed he needed the "records" to "further investigate any potential claims surrounding the state's actions against [him]." *Id*. He sued the Warden for injunctive relief in the form of returning his box of records and ordering the department "not to further impair [his] ability to access the courts" or interfere with his access to the law library. *Id*. at 4. Because Jent didn't plausibly allege the conduct of any of the ISP staff members had or would prejudice a potentially meritorious legal claim, I determined his complaint failed to state any claims and granted him leave to file an amended one. *See generally* ECF 6. After an extension of time was requested and granted, Jent filed his amended complaint as directed. ECF 14.

His amended complaint begins with a recitation of events that occurred in Indianapolis on April 9, 2024. Without going into too much detail—because it's not necessary for the disposition of this federal case—Jent claims he was falsely accused of shoplifting at a Walmart which "provoked a defensive response by way of stalking while failing to identify themselves." ECF 14 at 2.[1] After a search of his belongings, he

---

[1] In exhibits filed separately titled "Updated Notice of Tort Claim" (which Jent refers to as material related to this case), Jent explains that he pulled his "work hatchet" out in "self-defense" and "encouraged one guy to retreat" because he feared the officers were stalking him. ECF 15 at 4.

was released without charges being filed. According to Jent, however, this was only the beginning. The officers involved in that incident allegedly feared Jent would file a lawsuit against them, so they conspired with the prosecutor to "cause a false arrest by way of withholding exculpatory evidence while presenting false information to request a warrant." *Id.* at 3. Specifically, he claims the "theft allegations were false" because they could have been rebutted by the surveillance footage and that "the officers provoked the defensive response [when he pulled out his work hatchet]." *Id.* Jent was ultimately charged and arrested for intimidation with a deadly weapon. *See State v. Jent*, cause no. 49D28-2404-F5-011225 (Marion Sup. Ct. 28 Apr. 22, 2024), available online at: https://public.courts.in.gov/mycase (last visited Oct. 16, 2025). On August 14, 2024, a jury found Jent not guilty of the intimidation with a deadly weapon charge, and he was released from custody "as to this case only." *See id.*

Sometime prior to that—presumably during the prosecution of the intimidation case—a "stale" investigation report was found in a police database that mentioned Jent's name. *Id.* at 4. Several prosecutors, officers, and judges again conspired against him to "rubber stamp" a new case, which was opened on August 9, 2024, in a different county, this time for dealing drugs. *See State v. Jent*, cause no. 41D01-2408-F2-000029 (Johnson Sup. Ct. 1 Aug. 9, 2024), available online at: https://public.courts.in.gov/mycase (last visited Oct. 16, 2025). On October 29, 2024, a jury found Jent guilty of all three counts of dealing methamphetamine, and he pled guilty to the habitual offender enhancement. *See id.* He was sentenced to two consecutive twenty-five-year sentences. *See id.* Jent appealed, but the Court of Appeals

of Indiana issued a memorandum decision on June 20, 2025,[2] affirming the trial court in all respects. *See Jent v. State*, 24A-CR-02819 (Ind. Ct. App. Nov. 12. 2024), available online at: https://public.courts.in.gov/mycase (last visited Oct. 16, 2025).

Jent's amended complaint purports to bring a general "access to the courts" claim. He asserts that he needs "meaningful access to legal materials in my current pursuit to collect the evidence/documents" needed to support his claim that his "current conviction is caused only by retaliatory practices designed to shield officials from embarrassment from their original misconduct." ECF 14 at 4. He has sued the Indiana Department of Correction and Warden Ron Neal for injunctive relief in the form of "undisrupted access to the law library materials and most importantly the files that I'm using in law library to construct my claims and organize my files." *Id*. at 11.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*,

---

[2] The opinion was certified on August 25, 2025.

147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Even if Jent's amended complaint had outlined a potentially meritorious legal claim of some sort related to the criminal history outlined above—a finding I decline to reach—he still hasn't stated a viable constitutional claim against the defendants.[3] He argues that officials at the Johnson County Jail disrupted his communications with his mother and attorney leading up to the drug trial, which caused "irreparable damage to my defense in my trial." ECF 14 at 6. But the Johnson County Jail isn't a defendant here, so those allegations are irrelevant. He was transferred to ISP on November 22, 2024, twenty-two days after he was sentenced, where his "legal work pertaining to [his] appeal/defense" was confiscated. *Id*. However, he admits he received that box of legal work back about a month and a half later, on January 9, 2025—two days after he signed the original complaint for this lawsuit and deposited it into the prison mail system—

---

[3] I note that Jent has sued for prospective injunctive relief only. As explained in the previous screening order, even if he had requested monetary damages, he has not stated such a claim against the Warden. *See Lee v. Carr*, No. 21-1309, 2022 WL 519890, at *1 (7th Cir. Feb. 22, 2022) ("government officials are liable only for their own misconduct" and § 1983 doesn't "allow for [their] liability based on what [the] staff did or failed to do") (citing *Taylor v. Ways*, 999 F.3d 478, 493–94 (7th Cir. 2021)).

and he hasn't suggested he suffered any sort of prejudice or harm due to the delay.
Indeed, he couldn't—he filed a notice of appeal in his criminal drug case within days of
his sentencing, and he was appointed counsel for purposes of that appeal. *See State v.
Jent*, cause no. 41D01-2408-F2-000029 (Johnson Sup. Ct. 1 Aug. 9, 2024), available online
at: https://public.courts.in.gov/mycase (last visited Oct. 10, 2025). His appellant brief
wasn't filed by his attorney until April of 2025—well after the date Jent received his box
of legal materials back—and the appeal wasn't decided until June of 2025. *See Jent v.
State*, 24A-CR-02819 (Ind. Ct. App. Nov. 12. 2024), available online at:
https://public.courts.in.gov/mycase (last visited Oct. 10, 2025). Accordingly, the lack of
access to the court allegations related to his criminal conviction don't state a claim.[4]

Jent also argues that he remains housed in a cell on "restricted movement status
preventing meaningful undisrupted access to law library, which given the complexity
of what has been ongoing on for a year, I need." ECF 14 at 7. He doesn't suggest he has
been completely barred from visiting the law library, obtaining legal materials, or filing
documents in various courts—nor could he, as those assertions are refuted by the
record. Specifically, he states that the restrictions "significantly restrain me from
completing a detailed tort claim on the events that originated 5/31/24 and continue to
compound." *Id*. However, he asserts he had 270 days from May 31, 2024, to file his state

_____

[4] In addition, I note that he filed a petition for writ of habeas corpus in federal court on July 21,
2025, which remains pending. *See Jent v. Warden*, cause no. 1:25-CV-402-CCB-SJF (N.D. Ind. Jul. 21, 2025).
He was recently granted an extension of time to file an amended petition due to the fact the "law library
printer was down" on August 25, 2025. *See id*. at ECF 8. He states, "My petition [is] almost complete I just
need to access my files & finish typing the petition, print, then e-file." *Id*. His extension of time was
recently granted, so it's clear he hasn't suffered any harm on those grounds either. *See id*. at ECF 9.

law tort claim, making the due date February 25, 2025—more than a month *after* he received his legal paperwork back. Thus, these allegations can't form the basis of an access to the courts claim.[5]

He doesn't plausibly allege the defendants have since prevented him from filing his tort claim either. It's clear Jent has had the information he needs to file such a tort claim—he's known what happened to him, when it happened, who was involved, and why he believes the actions taken constituted a tort—long before he filed this federal lawsuit. Remember, he admits he compiled a box with 400 pages of legal materials *before* he was transferred to ISP, and he received those materials back from confiscation shortly thereafter. On February 5, 2025, Jent filed a "notice" in this case along with 248 pages of additional exhibits related to his prior criminal cases and the events he says spawned his tort claims.[6] *See* ECF 7. Not only was the information known and available to him, but it appears Jent has already submitted a detailed version of his tort claim. On August 26, 2025, Jent filed a copy of his "Updated Notice of Tort Claim" in this case, which he indicates was "updated" on July 24, 2025. ECF 15. This single-spaced typed document is twenty-one pages long and contains a plethora of information about his criminal matters and the allegedly tortious conduct by the defendants. *Id*. In it, he states, "This claim is not complete but is intended to comply with Tort 270 day notice." *Id*. at

---

[5] Nor does Jent explain how the defendants in this lawsuit prevented him from filing such a claim at any time between the date of the original shoplifting incident and the date he was first transferred to ISP on November 22, 2024.

[6] Those materials show he was able to consistently file motions and other documents in his state court appellate case throughout the period in question.

17. He further states, "I am working to separate the violations and add details daily and will update this information to include the overall amount of monetary damages per claim best I can *as the Indiana State Prison allows me to access the law library computer containing my files weekly*." *Id*. (emphasis added). He declared that information to be true under penalty of perjury. *Id*. at 18. The same day the notice docketed, Jent submitted an affidavit dated July 4, 2025, claiming he had requested passes for twelve law library sessions between May 29, 2025, and July 1, 2025. ECF 16. He complains because he was only authorized to attend two of those sessions. However, visiting the law library twice in a month isn't suggestive of a lack of access to the courts.

Finally, Jent describes an allegedly "fabricated conduct report" and the disciplinary proceedings that followed leading to "[d]isproportionate sanctions" including the temporary suspension of communications with his mother—whom he claims is helping him with his legal matters—and the loss of ninety days of good time credit. ECF 14 at 8; *see also* ECF 14-1 at 6 (noting that Jent's phone and commissary privileges were suspended from April 21st to May 21st). Although he speculates the "act was carried out against me for purposes of attempting to justify suspending my communications with my mother" (ECF 14 at 8), he doesn't plausibly link the conduct report/disciplinary proceeding to any viable access to the courts claim. *See e.g.*, *Szymankiewicz v. Doying*, 187 F. App'x 618, 622 (7th Cir. 2006) (noting that neither the

8

"mere fact" that a prisoner was disciplined nor "unsupported speculation and conjecture about the defendants' motives" stated a viable constitutional claim).[7]

Based on this record, it simply can't be inferred that the defendants have denied or will prospectively deny Jent access to the courts. It's clear that Jent has been able to consistently communicate with the court(s), as he filed numerous documents/motions in this case and others. "[A]lthough a prisoner's simple ability to file a complaint is not dispositive," Jent hasn't plausibly alleged that the defendants have thwarted his ability to litigate any sort of meritorious claim. As noted by the Seventh Circuit in a similar case:

> Speculative prejudice is not enough for an 'actual injury.' *See Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (plaintiff was not denied access to courts despite failure of police to investigate his case where he knew all relevant facts and could have filed complaint). To establish an access-to-the-courts violation, Hertel must show that he was kept from filing a complaint or that he actually lost a case because of the defendants' intentional actions. *See id.*; *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (Easterbrook, J., concurring). And since Hertel did not point to anything that hindered his efforts to pursue a legal-malpractice claim against Skodinski—at *any* point after he learned of the underlying facts for such a claim—he could not have suffered any such injury at the hands of the defendants.

*Hertel v. Miller-Lewis*, 695 Fed. Appx. 957, 961 (7th Cir. 2017); *see also Marshall*, 445 F.3d at 968 ("the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the

---

[7] To the extent Jent is attempting to challenge the findings of his disciplinary proceeding, he can't do so here. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (plaintiff can't seek damages in civil rights case unless the guilty finding is overturned, vacated, or otherwise drawn into question); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck* applies to prison disciplinary convictions).

defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed). Jent's speculation that he may suffer some unspecified, future harm related to his appeal, post-conviction proceedings, or tort claim due to the defendants' actions is not only insufficient to state a claim, but I find it's also bordering on fanciful given the record. *See e.g., Marshall*, 445 F.3d at 969–70 (plaintiff's speculative claim regarding future harm during his post-conviction proceedings was not sufficient "since the absence of an actual or imminent injury—as opposed to a merely speculative future one—would deprive federal courts of jurisdiction under Article III, which empowers the federal judiciary to decide 'cases' or 'controversies'") (citations omitted)); *see also Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) and *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (plaintiff can plead himself out of court if he pleads facts that preclude relief).

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the amended complaint does not state any claims for which relief can be granted.

**SO ORDERED** on October 17, 2025.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT